IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| | ) |
| STARMARK CLINIC, LP, | ) CASE NO. 08-35965-H3-11 |
| | ) |
| Debtor, | ) |
| | ) |

ENTERED
10/20/2008

## MEMORANDUM OPINION

The court has considered the "Motion of United States Trustee to Dismiss" (Docket No. 6), the court's "Order to Show Cause" (Docket No. 7) and the "Emergency Motion to Convert Case to Case Under Chapter 7" filed by Trustmark National Bank ("Trustmark") (Docket No. 25). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Starmark Clinic, LP ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on September 9, 2008. Debtor was also the Debtor in Case No. 08-31229-H3-11 (the "First Case"). The court takes judicial notice of the Memorandum Opinion (Docket No. 38, Case No. 08-31229-H3-11) and the Judgment (Docket No. 39, Case No. 08-31229-H3-11) dismissing the First

Case.

Mark Starko, who identified himself in testimony as Debtor's general partner,[1] testified that Debtor operates an outpatient clinic, providing services that Starko described as "cosmetic."  He testified that these services include acne treatment, hair removal, laser treatment, and injections.  He testified that a plastic surgeon oversees Debtor's clinic.  He testified that the plastic surgeon has an office "down the street" from Debtor's clinic.  The court concluded, in the First Case, that Debtor is a health care business within the meaning of 11 U.S.C. § 101(27A).  None of the evidence presented in the instant case changes that conclusion.

Debtor filed the petition in the First Case on February 29, 2008.  In the statement of financial affairs filed in the First Case, Debtor identified that it received $34,369.00 in gross income in 2008 prior to the petition date, and received $105,000 in gross income during 2007.  (Trustmark Exhibit 8).

The First Case was dismissed, in light of the court's conclusion that Debtor filed the First Case in order to obtain an unfair advantage in a two-party dispute.  The dispute, which was pending in state court when the First Case was filed, addressed questions of the right to control Debtor.  (Docket No. 38, Case

---

[1] The petition identifies MJS Medical Management LLC as Debtor's general partner, and identifies Starko as the manager of MJS Medical Management LLC.

2

No. 08-31229-H3-11). That suit remained pending on the date of filing of the petition in the instant case. (Trustmark Exhibit 12).

Debtor's schedules in the instant case reflect that, other than causes of action, Debtor's assets consist of clinic equipment valued at $100,000, office equipment valued at $25,000, medical supplies valued at $2,000, a security deposit on its leased office space in the amount of $9,000, accounts receivable valued at $20,050, and leasehold improvements valued at $141,407. Debtor's schedules reflect a secured debt of $203,895 owed to Trustmark, and $91,089.19 in unsecured debt.[2]

Debtor's profit and loss statement for January, 2008 through August, 2008 shows gross revenue of $158,412.36. The statement shows expenses of $130,682.38. The expenses include $42,074.08 paid for management fees. (Trustmark Exhibit 23). Starko testified that the management fees were paid to himself and his wife.

Starko testified that Debtor has made no payments to Trustmark. Starko testified that, after the previous case was dismissed, he believed he was close to negotiating a refinancing with Trustmark. He testified that he was repeatedly promised a new term sheet for the proposed refinancing, but that no term sheet was delivered to him.

---

More than half the unsecured debt scheduled is owed to Starko.

Correspondence between Trustmark and Debtor indicates that Trustmark was relying on a new capital investment to be made from a third party in determining to refinance the debt. The correspondence indicates that Trustmark required that it receive a commitment for the capital investment before providing a term sheet for a proposed refinancing. (Debtor's Exhibits O, P, Q and S).

On August 18, 2008, Trustmark gave notice of Debtor's default on its debt to Trustmark. (Debtor's Exhibit K).

Starko testified that MJS Medical Management LLC owes $375,000 to Debtor. The debt is not listed in Debtor's schedules. (Trustmark Exhibit 26). When cross-examined regarding the schedules, Starko testified that he would be required to defer to his attorney. He testified that he does not recall signing the schedules or the statement of financial affairs. He testified that he would have to ask his attorney whether he signed the schedules.

## Conclusions of Law

Section 1112(b) of the Bankruptcy Code provides:

(b)(1) Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104(a)(3), on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of

creditors and the estate, if the movant establishes cause.

(2) The relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that--

    (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and

    (B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A)--

        (i) for which there exists a reasonable justification for the act or omission; and
        (ii) that will be cured within a reasonable period of time fixed by the court.

(3) The court shall commence the hearing on a motion under this subsection not later than 30 days after filing of the motion, and shall decide the motion not later than 15 days after commencement of such hearing, unless the movant expressly consents to a continuance for a specific period of time or compelling circumstances prevent the court from meeting the time limits established by this paragraph.

(4) For purposes of this subsection, the term 'cause' includes--

    (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
    (B) gross mismanagement of the estate;
    (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
    (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
    (E) failure to comply with an order of the court;

```
            (F) unexcused failure to satisfy timely any filing
            or reporting requirement established by this title
            or by any rule applicable to a case under this
            chapter;
            (G) failure to attend the meeting of creditors
            convened under section 341(a) or an examination
            ordered under rule 2004 of the Federal Rules of
            Bankruptcy Procedure without good cause shown by
            the debtor;
            (H) failure timely to provide information or
            attend meetings reasonably requested by the United
            States trustee (or the bankruptcy administrator,
            if any);
            (I) failure timely to pay taxes owed after the
            date of the order for relief or to file tax
            returns due after the date of the order for
            relief;
            (J) failure to file a disclosure statement, or to
            file or confirm a plan, within the time fixed by
            this title or by order of the court;
            (K) failure to pay any fees or charges required
            under chapter 123 of title 28;
            (L) revocation of an order of confirmation under
            section 1144;
            (M) inability to effectuate substantial
            consummation of a confirmed plan;
            (N) material default by the debtor with respect to
            a confirmed plan;
            (O) termination of a confirmed plan by reason of
            the occurrence of a condition specified in the
            plan; and
            (P) failure of the debtor to pay any domestic
            support obligation that first becomes payable
            after the date of the filing of the petition.
```

11 U.S.C. § 1112(b)

The Section 1112(b)(4) list of items identified as constituting cause for conversion or dismissal is non-exclusive. See In re Global Ship Systems, LLC, 391 B.R. 193 (Bankr. S.D. Ga. 2007); In re The 1031 Tax Group, LLC, 374 B.R 78 (Bankr. S.D.N.Y. 2007).

In the instant case, the question of control of the debtor is in litigation in state court. One party to the litigation has, through an entity he controls, filed a Chapter 11 petition on behalf of the Debtor. The individual who signed the petition in the instant case is unaware of whether he signed the schedules and statement of financial affairs in the instant case--documents required to be signed under penalty of perjury. The entity presently operating Debtor's business has paid itself management fees of approximately 25 percent of Debtor's revenues, while paying nothing to its largest scheduled secured creditor. The court concludes that cause exists for conversion or dismissal.

With respect to Section 1112(b)(2), Debtor presented no evidence to support a conclusion that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time.

With respect to the question of whether conversion or dismissal is in the best interest of creditors, the dismissal of the First Case did not result in resolution of the dispute between Debtor and Trustmark, or between the entity which commenced the instant case and the other entity asserting a right to control Debtor. Counsel for the United States Trustee, which initially sought dismissal, stated at the hearing on the instant motions that the United States Trustee now supports conversion of

the case.  No other creditor has stated a position in support of dismissal.  The court concludes that the instant case should be converted to a case under Chapter 7 of the Bankruptcy Code.

With respect to the appointment of a patient care ombudsman, Section 333(a)(1) of the Bankruptcy Code provides:

> If the debtor in a case under chapter 7, 9, or 11 is a health care business, the court shall order, not later than 30 days after the commencement of the case, the appointment of an ombudsman to monitor the quality of patient care and to represent the interests of the patients of the health care business unless the court finds that the appointment of such ombudsman is not necessary for the protection of patients under the specific facts of the case.

11 U.S.C. § 333(a)(1).

In the instant case, Debtor is a health care business, and the facility needs the appointment of an ombudsman to monitor the quality of patient care.  However, in light of this court's conclusion that the instant case should be converted to a case under Chapter 7 of the Bankruptcy Code, the court will delay the requirement that an ombudsman be appointed for ten days, in order to permit the Chapter 7 Trustee to determine whether to continue operation of the business for a limited time.  If the Chapter 7

Trustee determines not to continue operation of the business, no ombudsman need be appointed.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on October 20, 2008.

                                              LETITIA Z. CLARK
                                              UNITED STATES BANKRUPTCY JUDGE